**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS and THE TRUSTEES THEREOF,<br><br>      Petitioners,<br><br>    v.<br><br>JOHN D. LAWRENCE, INC.,<br><br>      Respondent. | 1:19-cv-21017-NLH-KMW<br><br>**MEMORANDUM OPINION** |

**HILLMAN**, District Judge

    WHEREAS on December 4, 2019, Petitioners New Jersey Building Laborers' Statewide Benefit Funds and the trustees thereof (collectively, "Petitioners"), filed a motion to confirm an arbitration award entered on consent of the parties pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9 and 13 ("FAA") (ECF Nos. 2) (the "Motion"); and

    WHEREAS pursuant to Local Civil Rule 7.1(d)(4), Petitioners filed a statement indicating that no brief was necessary in support of their Motion; and

    WHEREAS on January 8, 2020, Respondent John D. Lawrence, Inc. ("Respondent") filed an "affidavit in opposition" to Petitioner's Motion (ECF No. 8) (the "Affidavit"); and

    WHEREAS the Affidavit was executed by James A. Parry, Respondent's President; and

WHEREAS the Affidavit purports to represent that various payments were made by Respondent to Petitioner in 2017; and

WHEREAS while Local Civil Rule 7.1(d)(2) contemplates that opposition papers must include a brief, Respondent does not submit one to this Court or otherwise provide context for the Affidavit; and

WHEREAS Section 9 of the FAA sets forth the procedures under which arbitration awards are to be confirmed by district courts.  The statute provides that the district court must grant a petition to confirm an arbitration award if it is properly brought within one year of the date of the award, unless one of the statutory bases for vacating or modifying the award is established.  See 9 U.S.C. §§ 10, 11; and

WHEREAS "Courts play a very limited role in reviewing the decision of an arbitrator appointed pursuant to a collective bargaining agreement."  CITGO Asphalt Refining Co. v. PACE Workers Int'l Union Local No. 2-991, 385 F.3d 809, 815 (3d Cir. 2004).  A court reviews an arbitration award "under an 'extremely deferential standard,' the application of which 'is generally to affirm easily the arbitration award.'"  Hamilton Park Health Care Ctr. v. 1199 SEIU United Healthcare Workers E., 817 F.3d 857, 861 (3d Cir. 2016) (quoting Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003)); and

WHEREAS Respondent's affidavit does not identify any

statutory basis for rejecting the arbitration award; and

     WHEREAS the Court finds no independent reason to reject the award, particularly since Respondent consented to its entry; and

     WHEREAS Respondent's purported partial satisfaction of the arbitration award is no basis to reject it; and

     WHEREAS therefore, the Court will issue an order granting Petitioner's Motion and will enter judgment, as Petitioner has requested, in favor of Petitioner and against Respondent.

Date: _July 18, 2020_          s/ Noel L. Hillman  
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.